**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES A. ROBERTS,

        Plaintiff,

vs.                           Case No.     3:11-cv-1201-J-32TEM

RDL LOGISTICS, LLC,

        Defendant.

_____

**<u>ORDER</u>**

This case, an action for retaliation under the Fair Labor Standards Act and defamation under Florida law, is before the Court on Defendant's Motion to Dismiss. (Doc. 6). Plaintiff, a truck driver, alleges that Defendant RDL Logistics, LLC, Plaintiff's former employer, unlawfully, maliciously and knowingly gave false information about Plaintiff's accident history to his current employer in retaliation for Plaintiff filing a claim for overtime compensation.[1] (Doc. 1 at 3).

When ruling on a motion to dismiss, the Court must accept the allegations made in the complaint as true. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). The Court shall limit its consideration to the pleadings and exhibits attached thereto. <u>GSW, Inc. v. Long County, Ga.</u>, 999 F.2d 1508, 1510 (11th Cir. 1993). A Court "must be mindful that the Federal Rules require only that the complaint contain 'a short plain statement of the claim showing that the pleader is entitled to relief.'" <u>See</u> <u>Bell Atlantic</u> <u>Corp. v. Twombly</u>, 550 U.S.

---

[1]    It is unclear whether the claim for overtime compensation was filed during Plaintiff's employment with Defendant or after Plaintiff left his job with Defendant.

544, 555 (2007) (citing Fed. R. Civ. P. 8(a)).  This liberal pleading requirement is one that does not require a Plaintiff to plead with particularity every element of a cause of action.  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  A complaint is sufficient if it gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  See Twombly, 550 U.S. at 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Plaintiff's complaint states a cause of action for retaliation under the Fair Labor Standards Act ("FLSA").  The pertinent provision reads:

> (a)[I]t shall be unlawful for any person– (3) to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . .

29 U.S.C. § 215(a)(3) (emphasis added).  A prima facie case of FLSA retaliation requires the Plaintiff to plead: (1) that he engaged in an activity protected under the act; (2) he suffered adverse action by the employer; and (3) the protected activity engaged in by the Plaintiff caused the adverse action by the employer.  Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000).

Plaintiff's complaint alleges that after he filed a claim for overtime compensation against the Defendant, Defendant knowingly and willfully reported false information about Plaintiff's accident history to Plaintiff's current employer, Federal Express.  (Doc. 1 at 2). Plaintiff asserts that the accidents in question were not preventable and that Defendant knew that at the time of dissemination to Federal Express.  (Doc. 1 at 3).  However, according to

the complaint, Defendant reported the accidents as preventable, thus hindering Plaintiff's ability to work for Federal Express.  (Doc. 1 at 3).[2]

Construing these facts  in a light most favorable to Plaintiff, the Court finds that the FLSA retaliation claim is sufficient to survive the motion to dismiss.  Filing a claim for overtime compensation is a protected activity under the FLSA.  Grey v. City of Oak Grove, Mo., 396 F.3d 1031, 1035 (8th Cir. 2005); see also 29 U.S.C. § 207 ("[N]o employer shall employ any of his employees. . . for a workweek longer than forty hours unless such employee receives compensation. . . in excess of the hours above. . . .").  Plaintiff asserts that after he filed the claim, Defendant retaliated by giving false information about Plaintiff's accident history to his new employer.  If accepted as true, this fact alone establishes that an adverse action was taken by Defendant that proved to be detrimental to Plaintiff in maintaining employment as a truck driver.  Plaintiff also alleges that this adverse action was a direct consequence of the Plaintiff's filing of the overtime compensation claim.

Defendant claims that Plaintiff should be foreclosed from filing suit because he failed to exhaust all available administrative remedies.   Although the pertinent Federal Motor Safety Regulation does bar civil suits related to furnishing or use of information such as accident history reports against providers of such information, the rule states that these protections "do not apply to persons who knowingly furnish false information, or who are not in compliance with the procedures specified for these investigations."   49 C.F.R. §

---

[2]  Plaintiff claims the lost wages and transportation expenses resulting from a suspension from work at Federal Express.

391.23(l)(1)&(2).  Defendant is free to claim the protections under Section 319.23(l)(2);

however, at this stage of the proceedings, it would be premature to dismiss this count where

Plaintiff's complaint alleges that Defendant knew the information it was providing was false.[3]

Defendant has not moved to dismiss the pendent state law defamation claim.

Therefore, the Court will not address it at this point.  Accordingly, it is

**ORDERED:**

1.     Defendant RDL Logistics, LLC's Motion to Dismiss is (Doc. 6) is **DENIED**.

2.     No later than **May 16, 2012** Defendant shall file its answer to Plaintiff James A.

Roberts's Complaint.

**DONE AND ORDERED** at Jacksonville, Florida this 23th day of April, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

---

[3]     The Court recognizes there is a disputed issue of fact as to whether Defendant was aware of the unpreventable nature of the first accident.  Plaintiff claims that he gave Defendant the accident report during the internal investigation. (Doc. 13 at 2). However, the allegations in the complaint, if taken in a light most favorable to Plaintiff, are sufficient to show that Defendant had knowledge that the information it was giving was not true. Specifically, the complaint states that Defendant had "knowledge about the true facts of these accidents at the time that Defendant told Federal Express that the accidents were preventable."  (Doc. 1 at 3).

tcr

Copies:

counsel of record