UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES A. ROBERTS,

    Plaintiff,

vs.                                                   CASE NO. 3:11-cv-1201-J-32TEM

RDL LOGISTICS, LLC,
a Florida Limited Liability Company,

    Defendant.
_____

## O R D E R

This matter is before the Court on referral by the Honorable Timothy J. Corrigan for a report and recommendation on whether the parties' settlement is a "fair and reasonable" resolution of a *bona fide* dispute over issues regarding the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (*see* Doc. #25, Court Order). For the reasons set forth herein, the Court will take the parties' Joint Motion for Approval of Settlement and Dismissal With Prejudice (Doc. #24, Joint Motion) **UNDER ADVISEMENT** pending the filing of the settlement agreement between the parties.

**Pertinent Background**

Defendant, RDL Logistics, LLC ("RDL") employed Plaintiff, James A. Roberts ("Plaintiff"), as a driver (Doc. #1, Complaint, at 2-3). This case was brought under the Fair Labor Standards Act with the filing of the Complaint on December 6, 2011. Plaintiff alleged he was an employee covered by the FLSA who was wrongfully retaliated against subsequent to making a claim for overtime wages against RDL. *Id.* at 2. Plaintiff alleges RDL wrongfully retaliated by defaming him in conversations with Plaintiff's prospective

employer, resulting in a suspension of his eventual employment with the employer. *Id.* at 2-3. On May 16, 2012, RDL filed its Answer and Affirmative Defenses (Doc. #21). Pursuant to Court Order (Doc. #19), the parties mediated the dispute on July 20, 2012 (Doc. #22). In that mediation, the parties came to a settlement agreement. *See* Joint Motion at 2. The Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. #25) was then filed on July 25, 2012. Thereafter, the District Court referred the matter to the undersigned (Doc. #25).

**Analysis**

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back-wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back-wages or when the District Court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. If a FLSA plaintiff has been offered "full compensation," then the case does not involve a compromise under *Lynn's Food Stores, supra*, and therefore, judicial scrutiny with respect to the fairness and reasonableness of any proposed settlement is unnecessary. *See MacKenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

Here, the parties are in agreement that Plaintiff has compromised his claims. *See* Joint Motion at 4. If a party compromises his or her claim, the court must scrutinize the settlement for fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. In the Joint Motion, the parties assert the settlement is fair and reasonable because there was no collusion, the settlement was within the range of Plaintiff's possible recovery and relieved the parties of other significant litigation expenses, the deal was struck at arm's length by represented

2

parties and it was confined to issues actually in dispute. *Id.* at 3-4. Under the proposed settlement, RDL has agreed to remove information in Plaintiff's employment record that both parties agree was false, and to give Plaintiff a lump sum of $5,000 in exchange for a general release of liability for any claims that were brought, or could have been brought, by Plaintiff in this case. *Id.* at 2. However, the Court notes that it has not yet had the opportunity to fully review the settlement agreement because it has not been filed by the parties.

"There are few principles more entrenched in our society than the understanding that the public is free to view the daily activities of the courts." *Bright v. Mental Health Resource Center, Inc.*, No. 3:10-cv-427-J-34TEM, 2012 WL 868804, at *3 (M.D. Fla. Mar. 14, 2012) (citations omitted).[1] The most fundamental role of the Court is to adjudicate the rights and obligations of the parties before it. *See id.* The public has a right to inspect and copy judicial records relevant to this most fundamental task, subject to restrictions which are narrowly tailored to serve a compelling government interest. *Id.* "Settlements of FLSA claims are not enforceable unless and until the Court agrees to reduce them to a judgment, which is . . . a final determination of the rights and obligations of the parties in the a case." *Id.* at *3 n.7 (citation and internal quotation marks omitted). Accordingly, settlements which are proffered for enforcement by the Court generally must be filed on record before a court may pass judgment on them. *See id.* at *3 (holding that parties' request to seal their

---

[1] Unpublished opinions may be cited throughout this report and recommendation as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

proffered FLSA settlement ran afoul of right of public to access courts and thus could not be granted).

Here, the parties have not filed the agreement in the public record. Thus, neither the public nor the Court can copy the agreement, much less inspect it. Further, the parties have not put forth an argument stating that their settlement agreement is immune from the general rule that such documents must be filed on the public record. Accordingly, the Court finds that the parties must first file their settlement agreement in the public record before judgment may be passed on their Joint Motion.

### Conclusion

For the reasons stated herein, the Court will take the parties' Joint Motion for Approval of Settlement Agreement and For Entry of Dismissal With Prejudice (Doc. #24) **UNDER ADVISEMENT** until the settlement agreement has been filed by the parties. The parties are directed to file the settlement agreement with the Court **no later than Monday August 20, 2012**.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of August, 2012.

Copies to all counsel of record.

THOMAS E. MORRIS
United States Magistrate Judge

4